IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MEGAN FOX and BRIDGET MCMAHON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHIPOTLE MEXICAN GRILL, INC., t/d/b/a/ CHIPOTLE,<br><br>Defendant. | CIVIL ACTION NO. 2:20-cv-1448 |

## NOTICE OF REMOVAL

COMES NOW Defendant Chipotle Mexican Grill, Inc. ("Chipotle"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, hereby files its Notice of Removal of the above-styled putative class action, originally filed in the Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania. In support of removal, Chipotle provides the following "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).[1]

**I.   NATURE OF THE ACTION**

1.   On or about August 20, 2020, Plaintiffs Megan Fox and Bridget McMahon commenced a putative class action in the Court of Common Pleas of Allegheny County, Pennsylvania styled *Megan Fox and Bridget McMahon, on behalf of themselves and all others similarly situated v. Chipotle Mexican Grill, Inc. t/d/b/a Chipotle*, Civil Action No. GD-20-008917

---

[1] Chipotle is the named defendant and appears here in the exercise of its rights of removal under federal law. Chipotle reserves all procedural, substantive, and other defenses, arguments, and claims available in response to the Complaint.

1

(the "State Court Action"). A copy of the Class Action Complaint ("Complaint") is included within the pleadings, process, and orders filed in the State Court Action attached hereto as **Exhibit A**.

2. According to the Complaint, Chipotle "owns and operates a chain of at least 96 fast casual restaurants in the Commonwealth of Pennsylvania." (Compl. ¶ 4.)

3. The Complaint sets forth causes of action for "Misappropriation and Conversion" (Count I), "Unfair Trade Practices" under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.* ("UTPCPL") (Count II), "Breach of Contract/Unjust Enrichment" (Count III), and "Injunction" (Count IV). (*See generally* Compl.)

4. These causes of action are premised on Plaintiffs' allegations that Chipotle has a corporate policy to not give proper change to customers. Plaintiffs specifically allege that Chipotle directs its employees not to return the full amount of change due to customers paying with cash, but instead to round the amount of change down to the nearest dollar and return only the rounded amount to such customers. (Compl. at p. 1 & ¶¶ 4, 11.)

**II.   REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT OF 2005**

5. The Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453 ("CAFA"), was enacted to expand federal jurisdiction over class actions. *See Walsh v. Defs., Inc.*, 894 F.3d 583, 586 (3d Cir. 2018) (citing *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013)); *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 148-49 (3d Cir. 2009).

6. Under CAFA, "the term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

7.     Plaintiffs filed the State Court Action as a putative class action and purport to bring this action "on behalf of themselves and all others similarly situated." (Compl. at p. 1; *see also id.* at ¶¶ 1–2 (alleging that each named plaintiff "brings this action on behalf of herself and all others similarly situated"); *id.* ¶¶ 34–43 (consisting of Plaintiffs' "Class Action Allegations").)

8.     The Pennsylvania rule governing the maintenance of class actions, Pennsylvania Rule of Civil Procedure 1701 *et seq.* (231 Pa. Code Part I, Ch. 1700, Rule 1701 *et seq.*) is analogous to Federal Rule of Civil Procedure Rule 23 and authorizes an action to be brought by one or more representative persons as a class action if the underlying requirements are met.

9.     The State Court Action therefore falls within the definition of a "class action" under CAFA.

10.    Removal is proper under CAFA where a purported class action is filed in which: (a) there are 100 or more purported class members, (b) there is minimal diversity of citizenship, and (c) the aggregate amount in controversy for the entire proposed class exceeds $5,000,000, exclusive of costs and interest. *See* 28 U.S.C. § 1332(d)(2); *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014) (internal citations omitted).

11.    This action meets all criteria for removal under CAFA.

**A.     The Putative Class Contains One Hundred or More Members.**

12.    Plaintiffs purport to represent a "proposed Class [that] consists of all individuals who, on or after January 1, 2020, purchased any item(s) from a Chipotle fast casual restaurant in Pennsylvania using cash, and were given change of less than the difference between the amount of cash tendered and the purchase price of the item(s)." (Compl. ¶ 35.)

13.    Plaintiffs allege that "the Class is numerous" and "it is believed and therefore averred that the Class numbers in the thousands, and perhaps in the hundreds of thousands." (Compl. ¶ 38.)

3

14. Based on these and other allegations in the Complaint, the aggregate number of class members in Plaintiffs' proposed class is at least 100 for purposes of satisfying 28 U.S.C. § 1332(d)(5).

### B. The Parties Are Minimally Diverse.

15. Under CAFA, there is "minimal diversity" so long as "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

16. Courts consider the citizenship of all putative class members—both named and unnamed. *Id.* § 1332(d)(1)(D). Courts determine citizenship of the members of the proposed class as of the date of filing of the complaint. *Id.* § 1332(d)(7).

17. Chipotle is a business corporation incorporated under the laws of the State of Delaware. (Compl. ¶ 3.) Chipotle's principal place of business and "headquarters" [is] located in California." (*Id.*) Therefore, Chipotle is a citizen of Delaware and California for purposes of diversity under 28 U.S.C. § 1332(c)(1). So long as any one member of the putative class is a citizen of another State, diversity exists for purposes of removal under CAFA.

18. Each named plaintiff alleges that she "is a resident of Allegheny County in the Commonwealth of Pennsylvania." (Compl. ¶¶ 1–2.) And again, Plaintiffs purport to represent a "proposed Class [that] consists of all individuals who, on or after January 1, 2020, purchased any item(s) from a Chipotle fast casual restaurant in Pennsylvania using cash, and were given change of less than the difference between the amount of cash tendered and the purchase price of the item(s)." (Compl. ¶ 35.)

19. Though not defined to consist only of Pennsylvania citizens, the putative class definition necessarily captures (i) individuals who are citizens of Pennsylvania, (ii) individuals who may reside in Pennsylvania but remain citizens of another state or foreign country, and (iii) individuals who do not reside in Pennsylvania and are citizens of another state or foreign

4

country. Accordingly, because at least one member of the putative class is a citizen of Pennsylvania, diversity exists for purposes of removal under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

      **C.**      **Plaintiffs Allege the Amount in Controversy Exceeds $5 Million.**

20. Chipotle denies that Plaintiffs state any viable claims and further denies that Plaintiffs and the putative class members are entitled to any relief.[2] Nevertheless, the allegations of the Complaint and the nature of Plaintiffs' claims are such that Chipotle, reasonably and good faith, asserts that the amount in controversy exceeds CAFA's jurisdictional threshold of $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2), (6).

21. CAFA provides that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014).

22. To establish the amount in controversy sufficient to remove a class action case to federal court, a defendant need not submit proof to establish the amount in dispute, but rather "may simply allege or assert that the jurisdictional threshold has been met." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 89. CAFA's amount in controversy requirement is satisfied where the defendant's notice of removal includes a plausible allegation that the stakes exceed $5 million. *Winkworth v. Spectrum Brands, Inc.*, No. CV 19-1011, 2019 WL 5310121, at *2 (W.D. Pa. Oct.

---

[2] All averments regarding the amount in controversy herein are made solely for purposes of removal and in no way should be construed as an admission or concession by Chipotle with regard to the claims of liability or for damages asserted by Plaintiffs. To the contrary, Chipotle denies all such claims and expressly reserves its right to respond to the Complaint and to assert all defenses available to it in this action.

21, 2019). When removing a suit, the defendant may present an estimate of the amount in controversy based on a "reasonable reading of the value of the rights being litigated." *Judon*, 773 F.3d at 507 (quoting *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002)).

23. Plaintiffs do not specify the exact monetary amount they seek to recover on behalf of the proposed class. Plaintiffs do allege that they and the putative class are entitled to recover (i) monetary damages, including punitive damages, on their Misappropriation and Conversion claim, (ii) statutory minimum damages of $100.00 "for each [UTPCPL] violation suffered by a consumer Class member," treble damages, and attorneys' fees and expenses under 73 P.S. § 201-9.2(a) on their Unfair Trade Practices claim, and (iii) monetary damages on their Breach of Contract/Unjust Enrichment claim. (Compl. at pp. 4, 6 & ¶¶ 23–25.)

24. At a minimum, the amount in controversy should be determined based on these claims. *See Frederico v. Home Depot*, 507 F.3d 188, 198–99 (3d Cir. 2007) (holding that compensatory damages, punitive damages, and attorney's fees available to putative class must be considered when calculating amount in controversy); *cf. Roth v. US LEC of Pa., Inc.*, No. Civ.A.05-CV-4452, 2005 WL 2340468, at *3 (E.D. Pa. Sept. 23, 2005) (holding that compensatory damages, liquidated damages, and attorney's fees available under the Pennsylvania Wage Payment and Collection Law must be included when calculating the amount in controversy).

25. The amount in controversy is satisfied on the *possible* recovery if Plaintiffs and the class were to win on all of the claims. Whether Plaintiffs are likely to recover anything based on the merits of the case is irrelevant to the amount in controversy analysis. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995) (noting that indeterminacy of the amount to be recovered does not defeat diversity jurisdiction, and it is immaterial what the plaintiff might eventually recover); *Clean Air Council v. Dragon Int'l Grp.*, No. CIV. 1:CV-06-0430, 2006 WL 2136246, at

\*4 (M.D. Pa. July 28, 2006) ("[O]nly if it appears to a legal certainty that Plaintiff cannot recover the minimum [jurisdictional] amount should [the court] remand." (citing *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999), *abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005))); *see also Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017)) ("The party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties." (citing *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011)).

26. Plaintiffs allegations alone are sufficient to demonstrate the requisite amount in controversy is met here. In the Complaint, Plaintiffs aver that Chipotle's purported "company policy" has "resulted in the loss of hundreds of thousands of dollars, if not millions of dollars, to the detriment of Pennsylvania consumers." (Compl. ¶ 16.) Plaintiffs also allege that the amount of of unreturned change to Pennsylvania consumers is "believed to exceed – at a minimum, several hundred thousand dollars." (Compl. ¶ 18.)

27. In addition, the amount in controversy includes statutory minimum damages, treble damages, and attorney's fees under the Pennsylvania UTPCPL that further satisfy 28 U.S.C. § 1332(d)'s amount-in-controversy requirement.

28. Specifically, in Count II of the Complaint, Plaintiffs seek statutory minimum damages of $100.00 "for each [UTPCPL] violation suffered by a consumer Class member," treble damages, and attorneys' fees and expenses under 73 P.S. § 201-9.2(a). Section 201-9.2(a) of the UTPCPL allows for recovery of actual damages or one hundred dollars, whichever is greater. Moreover, the Court may treble damages up to three times the actual damages sustained, but not less than one hundred dollars, and may provide such additional relief as it deems necessary or

proper. The Court may also award, in addition to other relief provided in this section, costs and reasonable attorney fees.

29.     Again, Plaintiffs purport to represent a "proposed Class [that] consists of all individuals who, on or after January 1, 2020, purchased any item(s) from a Chipotle . . . restaurant in Pennsylvania using cash, and were given change of less than the difference between the amount of cash tendered and the purchase price of the item(s)." (Compl. ¶ 35.) According to Plaintiffs' Complaint, Chipotle "owns and operates a chain of at least 96 fast casual restaurants in the Commonwealth of Pennsylvania." (Compl. ¶ 3.) Plaintiffs seek recovery on behalf of a "Class [that] numbers in the thousands, and perhaps in the hundreds of thousands." (Compl. ¶ 38.)

30.     And again, Plaintiffs allege, at minimum, "hundreds of thousands of dollars" or "several hundred thousand dollars" in unreturned change to Pennsylvania consumers is at issue. (Compl. ¶¶ 16, 18.) Based on the core allegations of the Complaint—of change shortage to cash-paying customers—this amount must be comprised of small amounts of change (less than one dollar per transaction), and, thus, necessarily contemplates hundreds of thousands of separate transactions.

31.     Assuming that the $100.00 minimum UTPCPL statutory damages could be assessed for each transaction, just 50,001 alleged violations would give rise to an amount in controversy in excess of $5,000,000, not including the assessment of any other damages or penalties. Additionally, as noted above and as demanded by Plaintiffs, the Court can also order treble damages for each violation. (Compl. ¶ 25 & p. 6.) Accordingly, the minimum $5,000,000 amount in controversy can be reached by 16,667 alleged violations of the UTPCPL, were the $100.00 minimum statutory damages trebled to $300.00.

32. The number of necessary alleged violations is reduced even further because Plaintiffs also seek attorneys' fees, which the Court must consider when calculating the amount in controversy. *Espinoza v. Atlas R.R. Constr., LLC*, 657 F. App'x 101, 103 n.3 (3d Cir. 2016). To calculate the attorneys' fees for purposes of determining the amount in controversy, courts use the median recovery range for attorneys' fees of thirty percent for any potential judgment. *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 358 n.1 (3d Cir. 2015); *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 303 (3d Cir. 2005); *see, e.g.*, *Frederico*, 507 F.3d at 199 (3d Cir. 2007) (assuming attorney's fee award of thirty percent of judgment in calculating amount in controversy for purposes of CAFA). Adding $90.00 (thirty percent of $300.00) equals a per-class member recovery of $390.00,[3] which would require only 12,821 alleged violations of the UTPCPL to reach the $5 million, further reducing the numer of member of the putative class needed to reach the amount in controversy.

33. Therefore, Plaintiffs' allegations as to the size of the putative class and the potential damages available under the causes of action asserted (for alleged misappropriation and conversation, breach of contract/unjust enrichment, and unfair trade practices) establish that at least $5 million is in controversy. *See, e.g.*, *Truglio v. Planet Fitness, Inc.*, No. CV157959FLWLHG, 2017 WL 3595475, at *3 (D.N.J. Aug. 21, 2017) ("The Court finds that Defendants have established, by a preponderance of the evidence, that CAFA's amount-in-controversy requirement is met because, based on the combined membership number of 133,318 . . . , an award of $100 in statutory damages to each class member would result in an

---

[3] This figure does not even factor in the potential for punitive damages, sought by Plaintiffs on their tort claim for misappropriation and conversion, which would increase the per-plaintiff potential recovery and reduce the number of alleged violations necessary to confer removal jurisdiction under CAFA.

9

aggregate award of more than $13 million, exceeding CAFA's $5 million threshold."); *cf. Auto–Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 396 (3d Cir. 2016) (trebled $1,500 statutory damages for willful violation of the TCPA multiplied by the number of violations was appropriate calculation to arrive at an amount in controversy for assessing diversity jurisdiction).

34. Therefore, the amount in controversy threshold established under CAFA is satisfied.

### D. No CAFA Exception Applies.

35. Once a removing defendant establishes the requisite class size, minimal diversity, and amount in controversy, the party opposing removal carries the burden of establishing that one of the statutory exceptions to CAFA jurisdiction in 28 U.S.C. §§ 1332(d)(4), (5) and (9) applies. *See Kaufman*, 561 F.3d at 153.

36. The "local controversy exception" in 28 U.S.C. § 1332(d)(4)(A) does not apply because there is no defendant in this action that is a citizen of Pennsylvania whose alleged conduct forms a "significant basis for the claims asserted" and "from whom significant relief is sought." 28 U.S.C. § 1332(d)(4)(A)(i)(II). Chipotle, the sole defendant, is not a citizen of Pennsylvania.

37. The "home state exception" in 28 U.S.C. § 1332(d)(4)(B) does not apply because none of "the primary defendants" are citizens of Pennsylvania. Again, Chipotle, the sole defendant, is not a citizen of Pennsylvania.

38. The party-based exceptions in 28 U.S.C. § 1332(d)(5) do not apply. No defendant is a state, state office, or other governmental entity, and the number of putative class members exceeds 100. 28 U.S.C. § 1332(d)(5)(A)–(B).

39. The claims-based exceptions in 28 U.S.C. § 1332(d)(9) do not apply. This case does not involve a claim under the securities laws and does not relate to the internal affairs and

governance of a corporation or other form of business enterprise. 28 U.S.C. § 1332(d)(9); *see generally* Compl.

40. Finally, the discretionary exception in 28 U.S.C. § 1332(d)(3) does not apply because none of "the primary defendants" are citizens of Pennsylvania. Again, Chipotle, the sole defendant, is not a citizen of Pennsylvania.

### III.  REMOVAL IS PROCEDURALLY PROPER

41. This Notice of Removal is timely under 28 U.S.C. § 1446(b). The Complaint was filed on August 20, 2020 and served on August 27, 2020. (*See* **Exhibit A**.) Because removal is made within thirty days of service, this Notice of Removal is timely.

42. The United States District Court for the Western District of Pennsylvania encompasses the place where this action was originally filed. *See* 28 U.S.C. § 1446.

43. Attached as **Exhibit A** is a copy of all process, pleadings, and orders received by Chipotle and filed in the State Court Action. *See* 28 U.S.C. § 1446(a). Chipotle has paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

44. Chipotle will concurrently file a Notice of Filing of Notice of Removal with the clerk of the state court in which the State Court Action was pending and serve a copy on Plaintiffs' counsel, pursuant to 28 U.S.C. § 1446(a) and (d). Attached as **Exhibit B** is a copy of the Notice of Filing Notice of Removal, excluding exhibits.

### IV.  NON-WAIVER OF DEFENSES

45. By filing this Notice of Removal, Chipotle does not waive any defenses available to it. Chipotle does not admit, and in fact specifically denies, that the Complaint states a claim upon which relief may be granted, or that Plaintiffs or any putative class member is entitled to any damages or any other relief sought in the Complaint. Nor does Chipotle admit, and in fact specifically denies, that a class can be certified.

## V. REQUEST FOR ADDITIONAL ARGUMENTS AND EVIDENCE IF NEEDED

46. In the event Plaintiffs file a motion or other request to remand, or the Court considers remand *sua sponte*, Chipotle reserves all rights to submit such additional argument and/or evidence in support of removal as may be necessary or appropriate, including evidence as to the amount in controversy or diversity of citizenship.

WHEREFORE, on the grounds stated above, this action is removed to and should proceed in the United States District Court for the Western District of Pennsylvania.

Dated: September 25, 2020

                                              */s/ Lindsey Conrad Kennedy*
                                              Lindsey Conrad Kennedy
                                              Bar I.D. PA 318318
                                              ECKERT SEAMANS CHERIN & MELLOTT, LLC
                                              600 Grant Street, 44th Floor
                                              Pittsburgh, PA  15219
                                              Telephone: (412) 566-2105
                                              lkennedy@eckertseamans.com

                                              -and-

                                              Elizabeth Bulat Turner (*pro hac vice* application forthcoming)
                                              Bar I.D. GA 558428
                                              Robert J. Mollohan, Jr. (*pro hac vice* application forthcoming)
                                              Bar I.D. GA 984253
                                              MARTENSON, HASBROUCK, & SIMON LLP
                                              2573 Apple Valley Road NE
                                              Atlanta, GA  30319
                                              Telephone: (404) 909-8100
                                              bturner@martensonlaw.com
                                              rmollohan@martensonlaw.com

                                              *Attorneys for Defendant Chipotle Mexican Grill, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2020 the foregoing **NOTICE OF REMOVAL** has been sent via ECF notice and email to Plaintiffs' counsel:

Frank G. Salpietro, Esq.
Richard A. Monti, Esq.
Rothman Gordon, P.C.
310 Grant Street - Third Floor
Pittsburgh, PA 15219
(412) 338-1185 (telephone)
(412) 246-1785 (facsimile)
fgsalpietro@rothmangordon.com
ramonti@rothmangordon.com

*/s/Lindsey Conrad Kennedy*
Lindsey Conrad Kennedy
ECKERT SEAMANS CHERIN & MELLOTT, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Telephone: (412) 566-2105
lkennedy@eckertseamans.com