# Exhibit A

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

| | |
|---|---|
| MEGAN FOX and BRIDGET MCMAHON, on behalf of themselves and all others similarly situated, | CIVIL ACTION No. GD-20-008917 |
| Plaintiffs, | |
| v. | CLASS ACTION COMPLAINT |
| CHIPOTLE MEXICAN GRILL, INC., t/d/b/a CHIPOTLE, | |
| Defendant. | Filed on behalf of: Plaintiffs |

Counsel of Record for these Parties:

Frank G. Salpietro, Esquire
Pa I.D. No. 47154

Richard A. Monti, Esquire
Pa. I.D. No. 326414

Rothman Gordon, P.C.
Firm I.D. 010
310 Grant Street – Third Floor
Pittsburgh, PA 15219
(412) 338-1185 (telephone)
(412) 246-1785 (facsimile)
fgsalpietro@rothmangordon.com

**JURY TRIAL DEMANDED**

FILED
2020 AUG 20 AM 11:31

OPS$CANDICE1
20 August 2020
11:33:19
GD-20-008917

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| MEGAN FOX and BRIDGET MCMAHON, on behalf of themselves and all others similarly situated, | CIVIL ACTION<br><br>No. _____ |
| Plaintiffs, | |
| v. | |
| CHIPOTLE MEXICAN GRILL, INC., t/d/b/a CHIPOTLE, | |
| Defendant. | |

## NOTICE TO DEFEND

**You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally, or by attorney, and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you, and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint, or for any other claim or relief requested by the Plaintiff(s). You may lose money, or property, or other rights important to you.**

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

**LAWYER REFERRAL SERVICE**
**The Allegheny County Bar Association**
**11th Floor Koppers Building**
**435 Seventh Avenue**
**Pittsburgh, PA 15219**
**Telephone: (412)-261-5555**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

| | |
|---|---|
| MEGAN FOX and BRIDGET MCMAHON, on behalf of themselves and all others similarly situated, | CIVIL ACTION<br><br>No. _____ |
| Plaintiffs, | |
| v. | |
| CHIPOTLE MEXICAN GRILL, INC., t/d/b/a CHIPOTLE, | |
| Defendant. | |

## CLASS ACTION COMPLAINT

NOW COME Plaintiffs, Megan Fox ("Plaintiff Fox" or "Fox") and Bridget McMahon ("Plaintiff McMahon" or "McMahon"), on behalf of themselves and all others similarly situated, and make the following claims against Defendant, Chipotle Mexican Grill, Inc., t/d/b/a Chipotle ("Chipotle"):

## INTRODUCTION

This is an action brought by Plaintiff Fox and Plaintiff McMahon, on behalf of themselves and all others similarly situated. Chipotle has engaged, and continues to engage, in several illegal and discriminatory corporate policies, as more fully set forth herein. Among other things, Chipotle engages in a corporate policy of misappropriation of consumer funds and unfair trade practices by refusing and failing, without legal justification, to provide proper change or credit to consumers using cash to make purchases at Pennsylvania Chipotle stores. As a result, Chipotle made a conscious decision to give to itself by enhancing its own profits, rather than giving back to the community.

## FACTUAL BACKGROUND

1. Plaintiff McMahon is a resident of Allegheny County in the Commonwealth of Pennsylvania. McMahon brings this action on behalf of herself and all others similarly situated.

2. Plaintiff Fox is a resident of Allegheny County in the Commonwealth of Pennsylvania. Fox brings this action on behalf of herself and all others similarly situated.

3. Defendant Chipotle, upon information and belief, is a multi-billion dollar Delaware Corporation which has a headquarters located in California, but which owns and operates a chain of at least 96 fast casual restaurants in the Commonwealth of Pennsylvania.

4. Upon information and belief, Defendant Chipotle has instituted a company policy whereby it directs its employees not to return the full amount of change due to a consumer, but instead to round down the change due, return the lower amount to the consumer, and pocket the difference.

5. On or about August 18, 2020, Plaintiff McMahon entered the Chipotle store at 4960 William Flynn Highway, Allison Park, Pennsylvania, to purchase prepared food to go. Plaintiff's total purchase was $15.51. A copy of Plaintiff's receipt is attached hereto as **Exhibit 1**.

6. To pay for the purchase, Plaintiff tendered cash in the form of a $20.00 bill.

7. The Defendant's cashier accepted the tender.

8. After Plaintiff McMahon's order was prepared and bagged, the Defendant's cashier did not return the $4.49 in change indicated on the receipt. Instead, Chipotle returned only $4.00 to Plaintiff, thereby converting $0.49 without providing a credit or other compensation to Plaintiff.

9. Thus, rather than giving the consumer his or her proper change, or a credit on future purchases, or the benefit of a corporate policy by rounding the purchase price down, the purchase price would effectively be rounded up by the cashier (despite what is reflected on the consumer's receipt) so that Chipotle, and not the consumer, benefits.

2

10.     Thus, and without warning, Plaintiff's purchase of $15.51 effectively cost Plaintiff $16.00, which is $0.49 more than the advertised price, simply by virtue of Plaintiff's use of cash as the form of legal tender.

11.     This "company policy" not only discriminates against consumers who do not have, or do not wish to use, credit cards, but also results in a tax-free cash windfall to Chipotle.

12.     On August 13, 2020, Plaintiff Fox entered the Chipotle store at 11359 Perry Highway, Wexford, Pennsylvania, ordered a steak burrito for $8.72, and tendered a $20.00 bill to the cashier. Consistent with what is believed and therefore averred to be Defendant Chipotle's corporate policy, the Defendant's representative accepted the tender of $20.00, and handed Plaintiff Fox a receipt, her order, and $11.00 change. The Chipotle receipt showed change due to Plaintiff Fox of $11.28, which was not the amount returned to her by Chipotle. A copy of the receipt and the change received by Plaintiff is attached hereto as **Exhibit 2**.

13.     Similar to the treatment of Plaintiff McMahon and, upon information and belief, numerous other Pennsylvania consumers who purchase food and services at Chipotle, Chipotle pocketed and misappropriated funds belonging to the consumer for Chipotle's financial benefit, rather than either (a) giving the correct amount of change, (b) rounding the purchase price down to benefit the consumer, or (c) giving the consumer credit toward a future purchase to offset the loss to the consumer.

14.     The actual price charged by Chipotle for food purchased is different, and more, than the advertised price of the food.

15.     Moreover, the receipts provided to Plaintiffs Fox and McMahon deceptively indicated that the Plaintiffs had, in fact, received change of more than they were actually given, thus covering up evidence of Chipotle's improper actions.

16.     This "company policy" and refusal of Defendant Chipotle to provide either change or a credit to consumers is believed and therefore averred to have resulted in the loss

of hundreds of thousands of dollars, if not millions of dollars, to the detriment of Pennsylvania consumers and to the benefit of Defendant Chipotle.

## CLAIMS

### COUNT I

### Misappropriation and Conversion

17. Paragraphs 1 through 16 above are incorporated herein by reference as if fully set forth.

18. Defendant Chipotle, by its actions as set forth above, has misappropriated and converted funds (and continues to convert funds) belonging to Pennsylvania consumers in an amount yet to be determined, but believed to exceed – at a minimum, several hundred thousand dollars.

19. It is believed and therefore averred that Defendant Chipotle knowingly and deliberately imposed the above-referenced policy of shortchanging and penalizing consumers who needed or wanted to purchase Defendant's goods and services with cash, in deliberate and reckless disregard of the rights of consumers, and fully aware that Defendant would be receiving money to which it was not entitled.

20. In any event, and regardless of motive, conversion is a tort of strict liability in Pennsylvania.

WHEREFORE, Plaintiffs Megan Fox and Bridget McMahon, on behalf of themselves and all others similarly situated, respectfully demand judgment in favor of the Class (as defined below) and against Defendant Chipotle, in an amount exceeding the arbitration limits of this Court, plus interest, costs, punitive damages, and such other relief as this Court deems appropriate.

## COUNT II

### Unfair Trade Practices

21. Paragraphs 1 through 20 above are incorporated herein by reference as if fully set forth.

22. Defendant Chipotle's actions and "company policy" violates Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.*, ("UTPCPL"), in at least the following ways:

   (a) By advertising the price of goods with the intent not to sell them as advertised, in violation of 73 P.S. § 201-2(4)(ix);

   (b) By deceptively and confusingly indicating on the customer's receipt, provided only after the cash is tendered by the consumer and accepted by the Defendant, that the consumer is receiving change which she or he did not, in fact, receive, thereby eliminating the ability of the consumer to secure proof of Defendant's conversion and misappropriation, in violation of 73 P.S. § 203-2(4)(xxi);

   (c) By engaging in fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding when a consumer tenders cash at the end of the transaction, only to be told that the effective price of the product is higher than what was originally ordered, in violation of 73 P.S. § 203-2(4)(xxi); and

   (d) By converting and misappropriating the property (cash) of the consumer (who does not possess or chooses not to use a credit card) in violation of Pennsylvania law and in a manner that discriminates against cash consumers.

23. The UTPCPL mandates that, for each violation suffered by a consumer Class Member, Defendant Chipotle is liable for a minimum damage of the greater of actual loss or $100.00. 73 P.S. § 201-9.2(a).

24. In addition, violations of the UTPCPL mandate recovery of counsel fees and expenses from Defendant Chipotle. 73 P.S. § 201-9.2(a).

25. The Court may, and should, also award treble damages for Defendant Chipotle's knowing, outrageous, and reckless conduct. *Id.*

5

WHEREFORE, Plaintiffs Megan Fox and Bridget McMahon, on behalf of themselves and all others similarly situated, respectfully demand judgment in favor of the Class (as defined below) and against Defendant Chipotle, in an amount exceeding the arbitration limits of this Court, trebled, plus attorney's fees, litigation expenses, costs, interest, and such other relief as this Court deems appropriate.

## COUNT III

### Breach of Contract/Unjust Enrichment

26. Paragraphs 1 through 25 above are incorporated herein by reference as though fully set forth.

27. Defendant Chipotle, by its actions and "company policy," breaches its agreement with its customers by collecting more for goods and services than the customers agreed to pay when ordering said goods and services.

28. Alternatively, Defendant Chipotle, by its actions and "company policy," improperly benefits and is unjustly enriched to the detriment of Class Members, who are effectively penalized and forced to pay more than the advertised purchase price for goods and services.

WHEREFORE, Plaintiffs Megan Fox and Bridget McMahon, on behalf of themselves and all others similarly situated, respectfully demand judgment in favor of the Class (as defined below) and against Defendant Chipotle, in an amount exceeding the arbitration limits of this Court, plus interest, costs, and such other relief as this Court deems appropriate.

## COUNT IV

### Injunction

29. Paragraphs 1 through 28 above are incorporated herein by reference as if fully set forth.

30. Defendant Chipotle's outrageous and improper "company policies," and its conduct towards consumers, should be immediately and permanently restrained.

31. Specifically, Defendant Chipotle should be enjoined from selling its goods or services to consumers who do not use or have access to a credit card at a higher purchase price than consumers who have or use a credit card for the same purchase.

32. Defendant Chipotle can and should be required, prospectively, to provide appropriate credits to consumers on future purchases – which can easily be accomplished by updating its Point of Sale system to generate credits and receipts that can be used by those consumers on future visits.

33. In addition, Defendant Chipotle can and should be required, prospectively, to conspicuously advise consumers who choose or need to use cash that they will receive a credit in lieu of change, based on Chipotle's "company policy."

WHEREFORE, Plaintiffs Megan Fox and Bridget McMahon, on behalf of themselves and all others similarly situated, respectfully move this Court to enjoin the conduct of Defendant Chipotle in at least the following ways:

   (a) By enjoining Chipotle from refusing to provide correct change to customers who tender cash as a form of payment for Chipotle's goods or services;

   (b) By affirmatively requiring Chipotle, if it fails to provide correct change (or in lieu of providing correct change), to give the customers who tender cash as a form of payment a credit toward future purchases;

   (c) By enjoining Chipotle from selling goods or services to consumers who cannot or do not use a credit card at a higher effective purchase price than the same purchase made by those who have and use a credit card; and

   (d) By awarding such other relief as this Court deems appropriate to prevent further misappropriation of consumer assets by Chipotle.

## CLASS ACTION ALLEGATIONS

34. Paragraphs 1 through 33 above are incorporated herein by reference as if fully set forth.

7

35. The proposed Class consists of all individuals who, on or after January 1, 2020, purchased any item(s) from a Chipotle fast casual restaurant in Pennsylvania using cash, and were given change of less than the difference between the amount of cash tendered and the purchase price of the item(s).

36. The questions of law and fact relating to Chipotle's conduct, and the inequity and impropriety of that conduct, as more fully set forth above, are questions which are common to and affect the entire Class. These common questions predominate over and are a necessary precedent to any questions affecting only individual Class Members.

37. The claims of the named Class Representatives are typical of the claims of the Class.

38. While the exact number of Class Members is not yet known, subject to discovery, it is believed and therefore averred that the Class numbers in the thousands, and perhaps in the hundreds of thousands. While the Class is numerous, it is believed that Defendant Chipotle maintains extensive records relating to the amount of overcharges converted, as described in this Complaint.

39. Individual actions by members of the Class would, as a practical matter, be dispositive of the interest of members who are not parties, and/or may substantially impede his or her ability to protect his or her interest.

40. In view of the potential expenses of litigation, the separate claims of individual Class Members are insufficient to support thousands of separate actions. A Class Action is the most expeditious and cost effective method of addressing Chipotle's improper conduct in Pennsylvania.

41. Chipotle, as more fully set above, has acted and/or refused to act on grounds generally applicable to the Class by engaging in conduct which is contrary to Pennsylvania law, which constitutes unfair and/or deceptive conduct under Pennsylvania law, and unjustly enriches Chipotle.

42. It is believed and therefore averred that lead counsel for the Class Representative will diligently and adequately represent the interests of the Class. Said counsel is a partner in a well-respected law firm consisting of 30 attorneys with sufficient support staff to manage an action of this size. Counsel has litigated class actions in the past.

43. The Class Representatives, after reasonable inquiry, have determined that they have no conflict of interest in the maintenance of the class action, and have or can acquire adequate financial resources to ensure that the interests of the Class will not be harmed.

Respectfully submitted,

ROTHMAN GORDON, P.C.

By: _____
Frank G. Salpietro, Esquire
Pa I.D. No. 47154

Richard A. Monti, Esquire
Pa. I.D. No. 326414

Rothman Gordon, P.C.
Firm I.D. 010
310 Grant Street – Third Floor
Pittsburgh, PA 15219
(412) 338-1185 (telephone)
(412) 246-1785 (facsimile)
fgsalpietro@rothmangordon.com

Attorneys for Plaintiffs Megan Fox and Bridget McMahon, on behalf of themselves and all others similarly situated







## VERIFICATION

I, Bridget McMahon, verify that the statements contained in the foregoing Class Action Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements contained herein are subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Dated: 8/19/2020

_____
Bridget McMahon

## **VERIFICATION**

I, Megan Fox, verify that the statements contained in the foregoing Class Action Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements contained herein are subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Dated: 08/19/2020

_____
Megan Fox

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: _____Plaintiffs_____

Signature: __/s/ Frank G. Salpietro__

Name: ___Frank G. Salpietro___

Attorney No.: ___47154___

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet
ALLEGHENY County

| For Prothonotary Use Only: |
| --- |
| Docket No: |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

**Lead Plaintiff's Name:** MEGAN FOX AND BRIDET MCMAHON

**Lead Defendant's Name:** CHIPOTLE MEXICAN GRILL, INC., t/d/b/a CHIPOTLE

**Are money damages requested?** [x] Yes  [ ] No

**Dollar Amount Requested:** (check one)
- [ ] within arbitration limits
- [x] outside arbitration limits

**Is this a *Class Action Suit*?** [x] Yes  [ ] No

**Is this an *MDJ Appeal*?** [ ] Yes  [x] No

**Name of Plaintiff/Appellant's Attorney:** FRANK G. SALPIETRO

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [x] Other: Unfair-Trade/Conversion

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

*Updated 1/1/2011*

# Sheriff Return

| | |
|---|---|
| **Case No:** | GD-20-008917 |
| **Casie Description:** | Fox etal vs Chipotle Mexican Grill Inc. |
| **Defendant:** | Chipotle Mexican Grill Inc. |
| **Service Address:** | 211 Forbes Avenue Pittsburgh, PA 1 15222 Allegheny |
| **Writ Description:** | Complaint |
| **Issue Date:** | 08/20/2020 11:30 AM |
| **Service Status:** | Served - Adult Agent or person in charge of Defendant(s) office or usual place of business |
| **Served Upon:** | Chipotle Mexican Grill Inc. |
| **Served By:** | DMACIOCE |
| **Served On:** | 08/27/2020 11:15 AM |
| **Service Method:** | Person In Charge |