IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MEGAN FOX and BRIDGET MCMAHON, on behalf of themselves and all others similarly situated, | CIVIL ACTION<br><br>No. 2:20-cv-01448-DSC |
| Plaintiffs, | |
| v. | |
| CHIPOTLE MEXICAN GRILL, INC., t/d/b/a CHIPOTLE, | |
| Defendant. | |

### PLAINTIFFS' MOTION FOR REMAND

Plaintiffs Megan Fox and Bridget McMahon, on behalf of themselves and all others similarly situated, respectfully move this Honorable Court to remand this case to the Court of Common Pleas of Allegheny County, Pennsylvania, because Defendant Chipotle failed to comply with the strict time requirements of 28 U.S.C. § 1446(b)(1). In support of their Motion, Plaintiffs aver the following:

1. On August 20, 2020, this Class Action was filed in the Court of Common Pleas of Allegheny County at GD-20-008917.

2. Pursuant to Pennsylvania Rules of Civil Procedure 403 and 404, Plaintiffs properly served the Complaint upon Chipotle, which is headquartered and has its principal place of business in California, by certified mail, return receipt requested, on

August 25, 2020. An Affidavit of Service with the signed return receipt is attached hereto as **Exhibit 1**.[1]

3. Defendant Chipotle purported to file its Notice of Removal in this Court on September 25, 2020 (Dkt. 1), which is beyond the 30-day time limit required for removal by 28 U.S.C. §§ 1446(b)(1) and 1453(b) (a class action may be removed in accordance with Section 1446).

4. 28 U.S.C. § 1446(b)(1) states, in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, **through service or otherwise**, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant of such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1) (emphasis added).

5. "Removal statutes are to be strictly construed against removal, and all doubts should be resolved in favor of remand." *Batoff v. State Farm Insurance Company*, 977 F.2d 848, 851 (3d Cir. 1992).

6. The 30-day time limit set forth in Section 1446 is mandatory, *Carlyle Investment Management v. Moonmouth Co., S.A.*, 779 F.3d 214, 218 (3d Cir. 2015), and "cannot be extended by consent of the parties or by order of court." *Tyler v. Prudential Insurance Company of America*, 524 F.Supp. 1211, 1213 (W.D. Pa. 1981). See also *Blow v. Liberty Travel, Inc.*, 550 F.Supp. 375 (E.D. Pa. 1982); *Lexington*

---

[1] Out of an abundance of caution, Plaintiffs also directed the Sheriff of Allegheny County to attempt to effectuate service on a local Chipotle restaurant. However, service under Rules 403 and 404 occurred first.

*Market v. Desman Associates*, 598 F.Supp. 2d 707 (D. Md. 2009) ("§ 1446(b) provides for no exceptions, and therefore leaves no room for judicial discretion").

7. The 30-day mandatory period runs from the first service, even though there is a later service of the same complaint. *E.g., Barbour v. International Union*, 640 F.3d 599 (4th Cir. 2011) (notice of removal required to be filed within first-served defendant's 30-day window).

8. Even if, *arguendo*, certified mailing of the complaint would not be considered service of original process (despite the clear import of Pa. R.C.P. 403 and 404), the 30-day removal window, by the express terms of Section 1446(b)(1), nonetheless begins to run "after the receipt by the defendant, <u>through service or otherwise</u>, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based... ."

9. Defendant Chipotle was served with the Complaint on August 25, 2020, and in any event "received a copy of the initial pleading" by August 25, 2020. It was thus required to file its notice of removal by September 24, 2020. Since the notice was not filed until September 25, 2020, it is late, and remand is required. *See, e.g., Novak v. Bank of NY Mellon Trust Co., N.A.*, 783 F.3d 910 (1st Cir. 2015) (to properly give effect to the phrase "whichever period is shorter" in Section 1446(b)(1), the 30 days can run even before formal service).

WHEREFORE, Plaintiffs Megan Fox and Bridget McMahon, on behalf of themselves and all others similarly situated, respectfully move this Honorable Court to remand this case to the Court of Common Pleas of Allegheny County, Pennsylvania, for further proceedings.

        Respectfully submitted,

        ROTHMAN GORDON, P.C.

        By:   /s/ Frank G. Salpietro
              Frank G. Salpietro, Esquire
              Pa. I.D. No,. 47154

        310 Grant Street – 3rd Floor
        Pittsburgh, PA  15219
        fgsalpietro@rothmangordon.com