**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MEGAN FOX and BRIDGET MCMAHON,   CIVIL ACTION
on behalf of themselves and all others
similarly situated,   No. 2:20-cv-01448-DSC

        Plaintiffs,

       v.

CHIPOTLE MEXICAN GRILL, INC., t/d/b/a
CHIPOTLE,

        Defendant.

## PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR REMAND

Plaintiffs Megan Fox and Bridget McMahon, on behalf of themselves and all others similarly situated, and by their undersigned counsel, submit the following Brief in Support of their Motion for Remand:

## I.   INTRODUCTION AND BACKGROUND

On August 20, 2020, Plaintiffs Megan Fox and Bridget McMahon filed a Class Action Complaint against Chipotle Mexican Grill, Inc., t/d/b/a Chipotle, in the Court of Common Pleas of Allegheny County, Pennsylvania, at GD-20-008917.  The Complaint alleges, *inter alia*, that Chipotle violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.,* and converted funds belonging to Class Members by "shortchanging" customers who pay for goods and services using cash.  The Class consists of "all individuals who, on or after January 1, 2020, purchased any item(s) from a Chipotle fast casual restaurant in Pennsylvania using cash, and were

given change of less than the difference between the amount of cash tendered and the purchase price of the item(s)."  Complaint, ¶ 35

The Complaint was first served upon Chipotle, pursuant to Pa. R.C.P. 403 and 404, on August 25, 2020.

Chipotle filed a Notice of Removal on September 25, 2020.

Removal is therefore untimely because it was filed more than 30 days after "receipt by [Chipotle], through service or otherwise, of a copy of the initial pleading setting forth the claim for relief" upon which the class claims are based.  28 U.S.C. § 1446(b)(1)

## II.    ARGUMENT

Chipotle purports to remove this case on diversity grounds pursuant to the Class Action Fairness Action of 2005, 28 U.S.C. §§ 1332(d) and 1453 ("CAFA").  While CAFA expands federal jurisdiction on class actions, removal pursuant to that statute must still occur "in accordance with section 1446."  28 U.S.C. § 1453(b).

28 U.S.C. § 1446(b)(1), in turn, sets strict and mandatory time limits for a defendant to take advantage of removal:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1) (emphasis added).

"Removal statutes are to be strictly construed against removal, and all doubts should be resolved in favor of remand."  *Batoff v. State Farm Insurance Company*, 977

F.2d 848, 851 (3d Cir. 1992). More precisely, the 30-day time limit set forth in Section 1446 is mandatory, *Carlyle Investment Management v. Moonmouth Co.*, S.A., 779 F.3d 214, 218 (3d Cir. 2015), and "cannot be extended by consent of the parties or by order of court." *Tyler v. Prudential Insurance Company of America*, 524 F.Supp.1211, 1213 (W.D. Pa. 1981). *See also Blow v. Liberty Travel, Inc.*, 550 F.Supp. 375 (E.D. Pa. 1982); *Lexington Market v. Desman Associates*, 598 F.Supp.2d 707 (D. Md. 2009) ("§ 1446(b) provides for no exceptions, and therefore leaves no room for judicial discretion").

In the present matter, the Class Action Complaint was first sent to and served on Chipotle by certified mail at its principal place of business in Newport Beach, California. *See* Exhibit 1 to Plaintiffs' Motion for Remand. This method of service is expressly authorized by Pa. R.C.P. 403 and 404. Rule 403 reads, in relevant part:

> If a Rule of Civil Procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail.

Pa. R.C.P. 403. Rule 404 further provides:

> Original process shall be served outside the Commonwealth within 90 days of the issuance of the writ or the filing of the complaint or the reissuance or the reinstatement thereof:
>
> . . .
>
> (2) by mail in the manner provided by Rule 403.

Pa. R.C.P. 404(2).

As evidenced by Exhibit 1 to Plaintiffs' Motion (Affidavit of Service), Chipotle received the Class Action Complaint "through service or otherwise" on August 25,

2020.[1]  Thus, Chipotle had until September 24, 2020 to file a Notice of Removal.  It did not file the notice until September 25, 2020 (one day beyond the mandatory deadline).

The 30-day mandatory period runs from the first service, even though there is a later service of the same complaint.  *See, e.g.*, *Barbour v. International Union*, 640 F.3d 599 (4th Cir. 2011) (notice of removal required to be filed within first-served defendant's 30-day window).  Even if, *arguendo*, certified mailing of the complaint would not be considered service of original process (despite the clear import of Pa. R.C.P. 403 and 404), the 30-day removal window, by the express terms of Section 1446(b)(1), nonetheless begins to run "after receipt by the defendant, **through service or otherwise**, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  Thus, at a minimum, there can be no question that Chipotle "received a copy of the initial pleading" that it believes to be removable by August 25, 2020 (more than 30 days before attempted removal).  *See, e.g., Novak v. Bank of NY Mellon Trust Co., N.A.*, 783 F.3d 910 (1st Cir. 2015) (to properly give effect to the phrase "whichever period is shorter" in Section 1446(b)(1), the 30 days can run even before formal service).

Because the 30-day requirement of § 1446 is "mandatory" and "cannot be extended," *Carlyle* and *Tyler, supra*, Plaintiffs respectfully move this Honorable Court to remand this case to the Court of Common Pleas of Allegheny County, Pennsylvania, to allow it to proceed at GD-20-008917.

---

[1] In order to avoid delay, Plaintiffs sought alternate service as well, by the Sheriff of Sheriff of Allegheny County on a local Chipotle restaurant.  However, service under Rules 403 and 404 occurred first. Chipotle chooses to ignore this first service.

Respectfully submitted,

ROTHMAN GORDON, P.C.

By: ___ /s/ Frank G. Salpietro _____
          Frank G. Salpietro, Esquire
          Pa. I.D. No,. 47154

310 Grant Street – 3rd Floor
Pittsburgh, PA  15219
fgsalpietro@rothmangordon.com