IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANNIA

| | |
|---|---|
| MEGAN FOX, *et al.*,<br><br>*Plaintiff*,<br><br>v.<br><br>CHIPOTLE MEXICAN GRILL, INC. trading and doing business as CHIPOTLE,<br><br>*Defendant*. | Civil Action No. 2:20-cv-1448<br><br>Hon. William S. Stickman IV |

### MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, District Judge

On September 25, 2020, Defendant Chipotle Mexican Grill, Inc., t/d/b/a Chipotle, ("Chipotle") removed this case from the Court of Common Pleas of Allegheny County to this Court. (ECF No. 1). Plaintiffs Megan Fox and Bridget McMahon moved to Remand to State Court (ECF No. 3) claiming Chipotle's Notice of Removal was untimely. Plaintiffs sought expedited discovery to determine the identity of the person who signed the certified mail receipt and whether that person could sign for service on behalf of Chipotle. (ECF No. 20). The Court granted expedited jurisdictional discovery. (ECF No. 29). Two issues remain: (1) whether Chipotle's removal to federal court was timely and (2) whether the Court has subject matter jurisdiction over the matter.

**I.    BACKGROUND**

Plaintiffs filed a Class Action Complaint against Chipotle in the Court of Common Pleas of Allegheny County of Pennsylvania. (ECF No. 4, p. 1). The complaint alleges that Chipotle

1

violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Cons. Stat. § 201-1 (2020), and converted funds belonging to Class Members by shortchanging customers who paid for goods and services with cash. (*Id.*). Class Members include "all individuals who, on or after January 1, 2020, purchased any item(s) from a Chipotle fast casual restaurant in Pennsylvania using cash, and were given change of less than the difference between the amount of cash tendered and the purchase price of the item(s)." (ECF No. 1-1, ¶ 35).

Chipotle is a Delaware corporation with its principal place of business in California. (ECF No. 18, p. 2). On August 27, 2020, at or around 11:15 a.m., an Allegheny County Deputy Sheriff served Chipotle with process at its 211 Forbes Avenue, Pittsburgh, Pennsylvania 15222 store on an adult agent or person in charge. (*Id.* at 2–3). Plaintiffs and Chipotle do not dispute the validity of this service. (*Id.* at 2); (ECF No. 35, p. 2).

Plaintiffs also claimed to have served Chipotle at its corporate headquarters in Newport Beach, California by certified mail. (ECF No. 3-1). Plaintiffs filed a second return of service in the State Court Action on September 28, 2020 titled "Affidavit of Service." (ECF No. 18, p. 3). In that document, Plaintiffs attached a certified mail return receipt. (*Id.*). The receipt was addressed to "Chipotle Mexican Grill, Inc., 610 Newport Drive – Suite 1300, Newport Beach CA 92660" and included a handwritten signature above the printed name "MACIAS, E." and a delivery date of "8/25/20." (ECF No. 3-1). Plaintiffs neither provided support to verify the identity of the signee nor information about his or her relationship to Chipotle. (ECF No. 18, p. 3).

Discovery revealed that Eduardo Macias, a contract security guard, signed for the mailing from Plaintiffs at Chipotle's Newport Beach headquarters on August 25, 2020. Macias owns Crime Prevention Specialists and contracts with Security Now USA to provide security services at the office building where Plaintiffs tried to mail service. (ECF No. 33-1, p. 3). Macias was

present temporarily in August 2020 to fill in as a security guard. (ECF No. 33-2, pp. 40:11–41:25). During his deposition, he stated that he merely accepted the delivery of that day's mail because he was near the maildrop. No one else was present because of the pandemic-related office closure. Macias signed the mail receipt but did not know which letter corresponded with the mail receipt, did not open the letter, did not know who had sent it and did not know what its contents included. (ECF No. 33-2, 64:24–65:11). Chipotle did not authorize Macias to accept legal process on Chipotle's behalf. (*Id.* at 65:18–22, 66:6–9); (ECF No. 33-1, 4–5, 9).

## II.   ANALYSIS

"Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court." *McGuire v. Safeware, Inc.*, Civ. Action No. 13–3746, 2013 WL 5272767, at * 1 (E.D. Pa. Sept. 17, 2013) (citation omitted). Under 28 U.S.C. § 1447(c), a court may remand a case for two reasons: (1) a district court's lack of subject matter jurisdiction or (2) a defect in the removal procedure. *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (footnote omitted). Plaintiffs only allege a procedural defect that Chipotle's removal was not timely. (ECF No. 4).

### A.  Chipotle's Notice of Removal was timely.

Under 28 U.S.C. § 1446(b), the notice of removal of a civil action must be filed within thirty days after receipt by the defendant of the initial pleading through service. *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347–48 (1999) (holding that a defendant's time to remove is triggered by service of the summons and complaint but not mere receipt of the complaint without formal service). Plaintiffs assert that because they served the Complaint by certified mail on August 25, 2020, Chipotle's September 25, 2020 Notice of Removal was untimely. (ECF Nos. 4,

3

p. 2; 36, p. 1). Chipotle asserts that Plaintiffs did not properly serve it on August 25, 2020. Rather, the Court should count from August 27, the day the sheriff in Allegheny County served Chipotle. Thus, Chipotle alleges, its Notice of Removal was timely filed on September 25, 2020. The Court finds that Plaintiffs' process of service by certified mail was improper. Thus, Chipotle's September 25, 2020 Notice of Removal was timely.

1. **Under Pennsylvania law, service of process on a foreign corporation by certified mail only is not proper.**

Under Pennsylvania Rule of Civil Procedure 404, a plaintiff may serve process outside the Commonwealth of Pennsylvania by mail in the manner provided by Pennsylvania Rule of Civil Procedure 403. "If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendants by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail." Pa. R. Civ. P. 403. A note for Rule 403 states, "[t]he United States Postal Service provides for restricted delivery mail, which can only be delivered to the addressee or his authorized agent. Rule 403 has been drafted to accommodate the Postal Service Procedures with respect to restricted delivery." *Id.* Note.

The burden is on Plaintiffs to show that they served the proper agent of a corporation. *Richman, Berenbaum & Assoc., P.C. v. Carolina Cas. Co.*, No. 02-3195, 2002 WL 1895900, at *6 (E.D. Pa. Aug. 14, 2002) (citation omitted). Under Pennsylvania law, service by mail upon an out-of-state corporation is not proper unless a form accompanies requiring a receipt signed by the defendant or his authorized agent. *See Forringer v. Savage Arms, Inc.*, No. 17-1272, 2017 U.S. Dist. LEXIS 174627 (W.D. Pa. Oct. 23, 2017) (finding certified mail insufficient to effect service on a foreign corporation). Unlike restricted delivery mail, certified mail does not limit the recipient of the mail to the addressee or his authorized agent and so does not comply with Rule 403. *Id.*

4

(quoting *McVicker v. Knight Protective Serv., Inc.*, No. 11-245, 2011 U.S. Dist. LEXIS 50167 (W.D. Pa. 2011)).

Service by certified mail without restricted delivery is improper. In *Grant Street Group, Inc. v. D & T Ventures, LLC*, No. 10-1095, 2011 WL 778438, at *1 (W.D. Pa. Mar. 1, 2011), the court rejected the plaintiff's attempt to serve using certified mail. There, the plaintiff argued that service was proper because the person who signed for the certified mail oftentimes signed for letters on behalf of the company despite not being an employee of the company. But the court disagreed. *Id.* Simply because the secretary accepted the certified letter did not make the secretary an agent of the defendant. *Id.* Further, the plaintiff could not establish otherwise that the signee of the letter was an authorized agent of the defendant. *Id.* Similarly, the court in *Forringer*, 2017 U.S. Dist. LEXIS 50167, at *3, also held that service by certified mail without restricted delivery was improper because it did not require the defendant or the defendant's agent to sign for the document. Proper service by restricted mail requires that the recipient either be the defendant or the defendant's agent.

Here, just as in *Grant Street* and *Forringer*, Plaintiffs sent the service to a foreign corporation by certified mail without restricted delivery. Plaintiffs' proof of service form showed that, although they attempted service by certified mailed, Plaintiffs did not select "restricted delivery." (ECF No. 3-1). The Court finds that Plaintiffs' service of process by certified mail was improper.

### 2. Macias was not an agent of Chipotle.

Plaintiffs have not established that Macias was Chipotle's authorized agent. Pennsylvania Rule of Civil Procedure Rule 424 restricts service of process by mail on a corporation to "(1) an executive officer, partner or trustee of the corporation or similar entity, . . . (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the

corporation or similar entity, or . . . (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it." Macias signed for the mailing from Plaintiffs. (ECF No. 33-2, 64:24–65:11). Macias was a contract security guard, and Chipotle did not hire him directly. Chipotle did not authorize Macias to accept legal process. (*Id.* at 65:18–22, 66:6–9); (ECF No. 33-1, 4–5, 9).

### a. Macias was not an executive officer, partner or trustee of Chipotle.

Plaintiffs have not alleged that Macias is an executive officer, partner or trustee of Chipotle. He is not an employee of Chipotle and does not hold himself out to be an employee of Chipotle. (ECF No. 33-1, p. 3); (ECF No. 33-2, pp. 65:23–66:2). Macias owns Crime Prevention Specialists and contracts with Security Now USA to provide security services at the office building where Plaintiffs tried to mail service. (ECF No. 33-1, p. 3). Macias was present temporarily in August 2020 as a substitute security guard. (ECF No. 33-2, pp. 40:11–41:25). Chipotle did not hire Macias. The Court finds that Macias was not an executive officer, partner or trustee of Chipotle.

### b. Macias was not authorized as an agent to receive service of process on behalf of Chipotle.

Plaintiffs also do not allege that Macias was an authorized agent for Chipotle. An agent must have express authority to receive service of process. *City of Phila. v. Berman*, 863 A.2d 156, 160 (Pa. Commw. 2004) (noting that Rule 402(b) requires an authorized agent have express authority to accept service). Chipotle never authorized Macias to accept service of process on Chipotle. (ECF No. 33-1, pp. 4–5). Macias's official duties under his contract did not include signing documents but included monitoring camera systems, patrolling floors and maintaining a safe environment. (ECF No. 33-2, pp. 9:922, 22:17–23). Macias never alleged he was an authorized agent for Chipotle. The Court finds that Macias was not an authorized agent for Chipotle.

### c. Macias was not a manager, clerk or other person in charge.

A "person for the time being in charge" must either have a direct connection to the party being served or be someone whom the process server determines to be authorized based on representation of his or her authority. *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 486 (3d Cir. 1993) (finding that a receptionist hired for a building but not for the defendants was not a "person for the time being in charge"). The purpose of service of process procedures is to ensure a "sufficient connection between the person served and the defendant to demonstrate that service was reasonably calculated to give the defendant notice of the action against it." *Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 700 A.2d 915, 920 (Pa. 1997).

Chipotle alleges five reasons why Macias is not an agent of Chipotle or why service of process on Macias was inappropriate: (1) Plaintiffs did not try to direct its mailing to a particular agent or individual; (2) Macias and other security guards only accept mail deliveries on occasion; (3) Macias never held himself out as being in charge of Chipotle; (4) Macias's being a security guard did not automatically render him a person in charge; and (5) Pennsylvania law does not require a company to always have someone present at its place of business who is amenable to service. (ECF No. 35, pp. 3–5).

Plaintiffs assert that Macias was the "gatekeeper" of Chipotle's principal place of business on the day the letter arrived. (ECF No. 36, p. 2). Plaintiffs claim that the Pennsylvania Rules of Civil Procedure indicate that service is complete upon delivery of the mail by any form of mail requiring a receipt. But Plaintiffs' assertion is incomplete and leaves off a key portion of the rule: "requiring a receipt signed by the *defendant* or *his authorized agent*." Pa. R. Civ. P. 403 (emphasis added).

Pennsylvania courts have found "that 'where service was made on a receptionist in the defendant's offices and the receptionist represented to the process server that she was the person

7

in charge, . . . service was proper.'" *Barkley v. City of Phila.*, 169 F. Supp. 2d 346, 348 (E.D. Pa. 2001) (quoting *Cintas Corp. v. Lee's Cleaning Serv., Inc.*, 700 A.2d 915, 920 (Pa. 1997)). Macias, in his deposition, revealed that he occasionally signed for documents. But Macias made it clear that he did not work for Chipotle and that he merely signed for documents to be helpful. Chipotle never asked him to sign for documents, and under usual circumstances, Chipotle's secretary signed for Chipotle's mail. Chipotle had a limited staff because of COVID-19 restrictions. Nothing in Macias's deposition suggests that Macias was in charge. A process server's failure to ascertain the status of a recipient is fatal to the attempt. *Comyn v. Se. Pa. Transp. Auth.*, 594 A.2d 857, 860 (Pa. Commw. 1991).

Furthermore, Chipotle need not post a person at all hours to receive service. *See Grand Entm't Grp., Ltd.*, 988 F.3d at 486 (determining that person in charge needs to be the person in charge of the business, not the *place* of business). If no person had been available to sign for the document, Plaintiffs had alternate channels to complete service of process,[1] including presenting to a court the refusal of Chipotle to sign for service. Pa. R. Civ. P. 405(a) ("A return of service shall set forth the date, time, place and manner of service, the identity of the person served and any other facts necessary for the court to determine whether proper service has been made."). For these reasons, the Court finds that Macias's presence at Chipotle's principal place of business did not make him an authorized agent of Chipotle.

### 3. Conclusion.

Plaintiffs have not established that the person who signed for the mailing was Chipotle's authorized agent. Because Plaintiffs have the burden to establish that they served the proper person, and they have not done so, the Court finds that service by certified mail on August 25,

---

[1] Indeed, Plaintiffs did undertake other methods of effectuating service. They sent papers by sheriff to one of Chipotle's Pittsburgh locations. (ECF No. 18, pp. 2–3).

8

2020 was improper.[2] Remand under these circumstances is inappropriate. Still, the Court must ensure it has subject matter jurisdiction over a pending matter. *See, e.g., Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); *Huber v. Taylor*, 532 F.3d 237, 249 (3d Cir. 2008).

### B. The Court has subject matter jurisdiction.

Plaintiffs have not challenged the Court's subject matter jurisdiction over this case, but the Court must, as a threshold matter, ensure it has jurisdiction. Under 28 U.S.C. § 1441(a), a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." The party seeking to preserve a federal district court's jurisdiction, usually the defendant, must show it met the requirements for removal. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214 (3d Cir. 1999); *Bell Atl. Mobile, Inc. v. Zoning Bd. of Butler Twp.*, 138 F. Supp. 2d 668 (W.D. Pa. 2001) (noting that the defendant must prove that removal was proper).

District courts have original jurisdiction over diversity actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a). In class actions for which diversity of citizenship requirements are relaxed, § 1332(d)(2)(A)–(C), "the matter in controversy [must] excee[d] the sum or value of $5,000,000." § 1332(d)(2). When, as in this case, a plaintiff's complaint does not state an amount in controversy, a defendant's notice of removal may do so. § 1446(c)(2)(A).

---

[2] Plaintiffs have not argued service was proper under California law. Chipotle highlights that Plaintiffs' service by mail would not have been proper under California law either because Plaintiffs did not send it to Chipotle's agent for service of process or an officer of the company as required by California Civil Procedure Code § 416.10(a)–(b) (West 2020). Section 415.30 allows service by certified mail but follows an analysis like the one for Pennsylvania. *See Dill v. Bergquist Constr. Co.*, 29 Cal. Rptr. 2d 746, 752 (Cal. Ct. App. 1994) (holding that service of process fails when sent generally to a business's address). Moreover, § 415.30 requires the inclusion of a specific form in the service, which Plaintiffs did not include.

Chipotle has removed under the Class Action Fairness Act of 2005 ("CAFA"). CAFA grants federal district courts original jurisdiction of a putative class action before the entry of a class certification order. Section 1332(d)(1)(B), defines "class action" as any civil action filed under Federal Rule of Civil Procedure 23 or similar state statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action. Historically, courts assume a complaint that contains class-type allegations asserts a class action before formal class certification. *Lewis v. Ford Motor Co.*, 685 F. Supp. 2d 557, 563. CAFA applies to any class action before or after the entry of a class certification order by the court related to that claim. 28 U.S.C. § 1332(d)(8). CAFA effectively treats class action suits as provisional, despite flaws that may be subject to adjustment or revision before a class can be certified. *Lewis*, 685 F. Supp. 2d at 563. A defendant seeking to remove a case under CAFA must provide evidence establishing that it is more likely than not that the amount in controversy exceeds the statutory minimum. *Lewis v. Ford Motor Co.*, 610 F. Supp. 2d 476, 483 (W.D. Pa. 2009).

Plaintiffs have alleged over 100 members, and Chipotle agrees. (ECF No. 1); (ECF No. 4). Plaintiffs did not allege a specific amount, but Chipotle has alleged that the amount sought by Plaintiffs exceeds $5,000,000. (ECF No. 1, ¶ 20). To establish the sufficient amount in controversy to remove a class action case to federal court, the Court does not require the defendant to submit proof to establish the amount in dispute, but the defendant may "allege or assert that the jurisdictional threshold has been met." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). A defendant can satisfy CAFA's amount in controversy requirement where its notice of removal includes a plausible allegation that the stakes exceed $5,000,000, *Winkworth v. Spectrum Brands, Inc.*, No. CV 19-1011, 2019 WL 5310121, at *2 (W.D. Pa. Oct. 21, 2019), and

may supply a "reasonable reading of the value of the rights being litigated," *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 507 (3d Cir. 2014) (citation omitted).

Plaintiffs seek statutory minimum damages of $100 "for each [UTPCPL] violation suffered by a consumer Class member," treble damages and attorneys' fees and expenses under 73 Pa. Cons. Stat. § 201-9.2(a). (ECF No. 1-1, ¶¶ 23–25). Section 201-9.2(a) of the UTPCPL permits recovery of actual damages or $100, whichever is greater. Moreover, the Court may treble damages up to three times the actual damages sustained and may provide any other relief it finds necessary or proper. *Id.*

Chipotle alleges that if the Court assesses the $100 minimum UTPCPL statutory damages for each transaction, 50,001 alleged violations would support an amount in controversy more than $5,000,000, not including the assessment of any other damages or penalties. (ECF No. 1, ¶ 31). But the Court can also order treble damages for each violation. As a result, the minimum $5,000,000 amount in controversy can be reached by 16,667 alleged violations of the UTPCPL, if the Court trebles $100 minimum statutory damages to $300. If the Court accepts Chipotle's pleading as more plausible than not, then it has properly removed the case to federal court under CAFA. Plaintiffs have not challenged any of Chipotle's proffered evidence claiming a class action under CAFA. For these reasons, the Court holds that it has jurisdiction under CAFA.

Even if the class is not certified, the Court may retain jurisdiction. The United States Supreme Court held in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938) that "[e]vents occurring subsequent to the removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has been attached." The Third Circuit has followed that ruling in cases. *See Westmoreland Hosp. Assoc. v. BlueCross of W. Pa.*, 605 F.2d 119, 123 (3d Cir. 1979), ("[T]he

11

plaintiff's claim must be evaluated, and the propriety of remand decided, on the basis of the record as it stands at the time the petition for removal is filed."). Under CAFA, if the class is not certified, the Court may retain jurisdiction over the matter. *See Lewis*, 685 F. Supp. 2d at 569 (retaining jurisdiction under CAFA even though the class was denied certification).

### III.  CONCLUSION

Service by certified mail was improper. Thus, Chipotle's removal, when measured from the sheriff's service, was timely. Chipotle's removal under CAFA was proper. (ECF No. 1). Plaintiffs' Motion to Remand (ECF No. 3) will be denied. The Court has subject matter jurisdiction over the matter. An Order of Court will follow.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

2/23/21
Dated