# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| MEGAN FOX and BRIDGET MCMAHON, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>CHIPOTLE MEXICAN GRILL, INC., t/d/b/a CHIPOTLE,<br><br>        Defendant. | CIVIL ACTION NO. 2:20-cv-01448-WSS |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO MODIFY CASE MANAGEMENT ORDER TO EXTEND DEADLINE FOR SERVICE OF EXPERT REPORTS

Mindful of the Court's desire to resolve scheduling and discovery matters informally, Defendant Chipotle Mexican Grill, Inc. ("Chipotle") briefly responds to Plaintiffs' Motion to Modify Case Management Order to Extend Deadline for Service of Expert Reports, primarily to complete the factual record and provide important context omitted by Plaintiffs.

First, Plaintiffs have now had Chipotle's discovery responses, served on June 25, 2021, for over three months. (Doc. 55-2.) Yet they waited until September 3, 2021, just days before an impending expert report deadline of September 15 (Doc. 55-1), to send a lengthy (yet substantively hollow) meet-and-confer letter over discovery issues that they now claim are vital to the preparation of such a report. (Doc. 55-3.) Plaintiffs can hardly be said to have been diligent in their resolving these matters in observation of this September 15 deadline.

Second, while Plaintiffs cry foul over Chipotle's objections to Plaintiffs' discovery requests (to say nothing of Plaintiffs' own absurd positions as to Chipotle's discovery requests), it is *Plaintiffs* who have wholly failed to articulate the relevance of sweeping, disproportionate

discovery requests, including in their meet-and-confer letter. (Doc. 55-3.) This is particularly important here, as pre-certification discovery in class actions is *fundamentally different* than merits discovery in civil litigation generally. *See Lewis v. Ford Motor Co.*, No. CV 09-164, 2009 WL 10690011, at *1 (W.D. Pa. July 14, 2009) (noting limits to class certification discovery intended to "protect[] the defendant from discovery which is 'overly burdensome, irrelevant, or which invades privileged or confidential areas'" in denying plaintiffs' motion to compel).

Third, and on a related note, Plaintiffs' motion obscures the fact that, as of the September 15 expert report deadline, they *had not even disclosed an expert witness* in this case, despite Chipotle's demand for disclosure of such information in their discovery requests served over five months earlier (on April 13, 2021). For this reason, Plaintiffs have gone out of their way to make it unclear to Chipotle how any discovery sought is relevant to the supposed work of a then-unidentified expert witness for a then-unstated legal or factual purpose. In this light as well, Plaintiffs failed to demonstrate relevance as an initial matter.

Fourth, Plaintiffs failed to even attempt to confer with Chipotle on any of the issues raised in their motion. Undersigned counsel responded to each of Plaintiffs' enumerated discovery issues in writing as requested, and Plaintiffs' counsel made no issue of the form or timing of Chipotle's response. And after the fact, Plaintiffs' counsel did not so much as pick up the telephone to try to discuss these discovery issues (or any scheduling issue). Instead, Plaintiffs' counsel unilaterally filed this motion without notice or warning, notwithstanding Section II.A. of this Court's Practices and Procedures (requiring movant's counsel to confer with opposing counsel to obtain consent and state whether consent was obtained in routine motions).

These are not actions tailored to genuine attempts to resolve issues in litigation without court intervention. And Plaintiffs provide no justification for their failure to timely seek relief

4832-5158-2205, v. 1

sought or to follow its rules. At bottom, Plaintiffs' motion is nothing more than an attempt to subject Chipotle to continued invasive, onerous discovery and to impose on Chipotle undue costs and burdens to defend a putative class action that faces serious challenges to meet the requirements for certification under Federal Rule of Civil Procedure 23. Accordingly, Chipotle respectfully opposes any request to modify the current Case Management Order that is unsupported by good cause and at least minimal diligence.

Finally, the specific relief sought in Plaintiffs' motion makes evident that Plaintiffs are attempting to gain an unfair advantage in this process. Plaintiffs are asking this Court to extend their time to serve expert reports by a month and a half (September 15 to November 1, 2021) and then only provide Chipotle with nine days (November 10, 2021) to serve rebuttal expert reports (again, in response to a contemplated report of an expert whose identity or purpose, until two days ago, was concealed from Chipotle). In the event the Court modifies the current Case Management Order in any way, Chipotle respectfully requests that the Court afford it adequate time – a minimum of 30 days – to respond to any expert report(s) served by Plaintiffs.

Dated: October 4, 2021

*/s/ Elizabeth Bulat Turner*
Elizabeth Bulat Turner (admitted *pro hac vice*)
Bar I.D. GA 558428
Robert J. Mollohan, Jr. (admitted *pro hac vice*)
Bar I.D. GA 984253
MARTENSON, HASBROUCK & SIMON LLP
2573 Apple Valley Road NE
Atlanta, GA 30319
Telephone: (404) 909-8100
bturner@martensonlaw.com
rmollohan@martensonlaw.com

-and-

Lindsey Conrad Kennedy
Bar I.D. PA 318318
Derek J. Illar

Bar I.D. PA 307492
ECKERT SEAMANS CHERIN & MELLOTT, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA  15219
Telephone: (412) 566-2105
lkennedy@eckertseamans.com
dillar@eckertseamans.com

*Attorneys for Defendant Chipotle Mexican Grill, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2021 the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO MODIFY CASE MANAGEMENT ORDER TO EXTEND DEADLINE FOR SERVICE OF EXPERT REPORTS** has been sent via ECF notice to Plaintiffs' counsel:

Frank G. Salpietro, Esq.
Rothman Gordon, P.C.
310 Grant Street - Third Floor
Pittsburgh, PA 15219
(412) 338-1185 (telephone)
(412) 246-1785 (facsimile)
fgsalpietro@rothmangordon.com

*/s/ Elizabeth Bulat Turner*
Elizabeth Bulat Turner
MARTENSON, HASBROUCK & SIMON LLP
2573 Apple Valley Road NE
Atlanta, GA 30319
Telephone: (404) 909-8100
bturner@martensonlaw.com