**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MEGAN FOX and BRIDGET MCMAHON,
on behalf of themselves and all others
similarly situated,

              Plaintiffs,

    v.

CHIPOTLE MEXICAN GRILL, INC., t/d/b/a
CHIPOTLE,

           Defendant.

CIVIL ACTION NO. 2:20-cv-01448-WSS

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO**
**WITHDRAW CLASS REPRESENTATIVE, AMEND CLASS ACTION**
**COMPLAINT, AND SUBSTITUTE/ALLOW INTERVENTION**
**OF NEW CLASS REPRESENTATIVE**

With this case in its ninth month of discovery, Plaintiffs' Motion for Leave to Withdraw Class Representative, Amend Class Action Complaint, and Substitute/Allow Intervention of New Class Representative seeks to alter its landscape in multiple ways. Though amendments to pleadings and parties are liberally allowed, they are not automatic, and certainly not when there is no good cause after a court-ordered deadline, an unexplained lack of diligence, and outstanding discovery issues that the proposed amendment transparently seeks to thwart. Plaintiffs' motion should by denied or, at minimum, granted only upon conditions—namely, that Plaintiff Fox fully comply with her outstanding party discovery obligations.

**PERTINENT FACTUAL AND PROCEDURAL BACKGROUND**

This suit was timely removed from Pennsylvania state court to this Court on September 25, 2020. (Doc. 1, 1-1, 37, 38.) Plaintiffs' class action Complaint is premised on allegations that Chipotle, during a national coin shortage ensuing from the COVID-19 pandemic, instituted a company policy to round down change due to customers who purchased food from Chipotle

restaurants using cash. Chipotle denies Plaintiffs' allegations, many of which are demonstrably false or not supportable.

After an initial case management conference, the Court set deadlines for class certification discovery and motion practice on April 7, 2021. (Doc. 45, 46.) Chipotle served written discovery on Plaintiffs Megan Fox and Bridget McMahon on April 13, 2021. Plaintiffs timely served written responses and 43 pages of documents on July 1, 2021. However, as set forth in in Chipotle's motion to compel and supplemental brief (Doc. 92, 92-2), Plaintiffs' interrogatory responses and document production were incomplete and inadequate. In fact, Plaintiffs' document production consisted entirely of exhibits to the Complaint and printed online articles about the case. What's more, this production was *duplicative* of those exhibits and the documents produced by Plaintiffs with their Initial Disclosures under Rule 26(a)(1)(A). Thus, neither Plaintiffs Fox nor McMahon have produced any new document specific to each of them in discovery.

Chipotle also made multiple attempts to schedule depositions of Plaintiffs beginning in June 2021 and ultimately unilaterally noticed those depositions for September 28–29, 2021. While Plaintiff McMahon's deposition was conducted as scheduled, Plaintiff Fox's was not. Chipotle made additional efforts to secure a date for Plaintiff Fox's deposition thereafter (which was only provided after the Court required it during a November 22, 2021 conference, Doc. 88). While Plaintiff Fox's deposition is currently scheduled for December 21, 2021, her discovery responses and document production remain incomplete and are the subject of Chipotle's currently pending motion to compel and supplemental brief. In fact, only after a sequence of events that culminated in Chipotle requesting a discovery conference with the Court (on November 10) did Plaintiffs file this motion to, among other things, withdraw Fox as a named plaintiff (on November 18).

## ARGUMENT AND CITATION OF AUTHORITIES

Though not discussed in Plaintiffs' motion, Federal Rule of Civil Procedure 16 governs

2

pretrial conferences, scheduling, and management. Rule 16(b)(4) requires the trial judge's consent and a showing of good cause to modify a schedule set by pretrial order. Rather, Plaintiffs move under Federal Rules 15 (amended and supplemental pleadings), 21 (misjoinder and nonjoinder of parties), 24 (intervention), and 41(a)(2) (dismissal of actions). (Doc. 85 at ¶ 1.) Rule 41 governs dismissals, and subsection (a)(2) provides for voluntary dismissals by court order, stating in pertinent part that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Its basic purpose is to prevent voluntary dismissals if they would unfairly affect the other side and to allow curative conditions if they are granted. *Protocomm Corp. v. Novell, Inc.*, 171 F. Supp. 2d 459, 470 (E.D. Pa. 2001); *Gilbreth Int'l Corp. v. Lionel Leisure, Inc.*, 587 F. Supp. 605, 614 (E.D. Pa. 1983). Beyond general agreement on factors in Rule 41(a)(2) dismissals (discussed below), the courts of appeal have diverged in approach, with the Third Circuit in line with a more restrictive view of voluntary dismissals, the permission of which is within the court's discretion. *Ferguson v. Eakle*, 492 F.2d 26, 28–29 (3d Cir. 1974).

Meanwhile, Rules 15 and 21 govern amended/supplemental pleadings and misjoinder/nonjoinder of parties, respectively. Though those rules embody a liberal standard, they do not preclude a court from denying leave to amend "after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 157 F.3d 956, 962 (2d Cir. 1998). No matter the rule(s) under which the Court analyzes Plaintiffs' motion, it should be denied because Plaintiffs have failed to show good cause for their proposed amendment tendered months after the deadline; they have otherwise lacked diligence in seeking relief; and Plaintiff Fox's dismissal without conditions would unduly prejudice Chipotle. At minimum, the Court should allow for Plaintiff Fox and proposed Plaintiff Rice's respective withdrawal and substitution only after Plaintiff Fox

3

fully meets her discovery obligations to Chipotle.

**I.      Plaintiffs Fail to Show Good Cause for Their Untimely Proposed Amendment.**

This Court's original Case Management Order established the deadline for amendment of pleadings and for joinder of parties, whether with or without consent, of June 7, 2021. (Doc. 46 at 1.) Because the deadline to amend pleadings or join parties has passed, Plaintiffs therefore bear the burden to establish good cause under Rule 16(b) as an initial matter. *Karlo v. Pittsburgh Glass Works, LLC*, No. CIV.A. 10-1283, 2011 WL 5170445, at *2 (W.D. Pa. Oct. 31, 2011) ("[A] party seeking to amend the pleadings *after the deadline set by the Court* must satisfy the requirements of Rule 16(b)(4)—*i.e.*, they must show 'good cause.'" (emphasis in original)); *Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 279 (E.D. Pa.2 010); *Componentone, L.L.C. v. Componentart, Inc.*, No. 02: 05CV1122, 2007 WL 2580635, at *2 (W.D. Pa. Aug. 16, 2007). "The moving party has the burden of demonstrating 'good cause,'" which "requires diligence on the part of the party seeking to amend the pleadings." *Karlo*, 2011 WL 5170445, at *3. "'[I]f the party was not diligent, there is no 'good cause' for modifying the scheduling order and allowing the party to file a motion to amend its pleading,'" and the inquiry should end. *Id.* (quoting *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 701 (E.D. Pa. 2007)).

Here, Plaintiffs not only failed to seek leave to amend by the June 7, 2021 deadline for amendment of pleadings and joinder of parties, but also then waited another *four months*, filing their motion on November 18, 2021. There is no justification for such a delay and Plaintiffs have no articulated any.

Plaintiffs attempt to justify their dilatory motion to change parties based on Plaintiff Fox's relocation to New York (*see* Doc. 85 at ¶ 5), but Plaintiffs have known about her relocation since at least June 2021. Indeed, Plaintiffs' discovery responses, verified on June 29, 2021, averred that Plaintiff Fox's current address was "1 Broadway Apartment 147, Menands NY 12204" and that

she was "[c]urrently a student at the University of Maryland."[1] (Doc. 92-1 at 6.) Thus, the justification for the motion to amend has been known to Plaintiffs for at least five months.

Moreover, Plaintiffs' motion is devoted almost entirely to the issue of withdrawal and substitution of class representatives, and it fails to sufficiently note the fact that the proposed amended complaint makes numerous substantive changes to Plaintiffs' allegations, including those underlying their legal theories, separate and apart from amending the case caption. For these amendments, Plaintiffs make no attempt to show good cause, and nor can they. For example, Plaintiffs originally alleged that Chipotle maintained a corporate policy to withhold change from cash-paying customers during the pandemic. After Chipotle sought discovery on this false allegation and produced documents demonstrating its falsity on June 25, 2021, almost five months passed without Plaintiffs seeking to amend. Now, Plaintiffs pivot by proposing an amended complaint replacing their allegations of such a company "policy" to a "policy and/or practice." (Doc. 85-1 ¶¶ 4, 11, 12, 19, 22, 26, 31, 32.) Plaintiffs provide no justification for why these and other substantive amendments, including to the *fundamental bases* of their claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, were not sought months ago, with all pertinent information in hand. "It is well-established that a party's failure to act on previously available information precludes a finding of good cause." *Moore v. Publicis Groupe SA*, No. 11 CIV. 1279 ALC AJP, 2013 WL 4483531, at *7 (S.D.N.Y. Aug. 23, 2013).

Because there is no good cause under Rule 16, the Court need not address factors relative to Plaintiffs' requested amendment. *See Karlo*, 2011 WL 5170445, at *3 ("Having found that the requirements of Rule 16 must be satisfied before the Court can analyze Rule 15, the Court begins its analysis of Plaintiffs' motion under Rule 16. Because the Court is of the opinion that Plaintiffs

---

[1] It is unclear how Plaintiff Fox moved to New York in "mid-July, 2021," as Plaintiffs state in the motion to amend (Doc. 85 at ¶ 5), when her discovery responses, verified on June 29, 2021, already make that representation.

4855-2680-7302, v. 3

have not shown good cause, the Court need not address Rule 15.").[2] And "[a] court may deny leave to amend based on undue delay, bad faith or dilatory motive on the part of the movant, …[and] prejudice to the opposing party." *Elansari v. First Liberty Ins. Corp.*, No. 2:20-CV-5901-JDW, 2021 WL 1814980, at *3 (E.D. Pa. May 6, 2021). Such is the case here.

## II.   Dismissal of Plaintiff Fox Without Conditions Will Cause Prejudice to Chipotle.

In the context of a Rule 41(a)(2) request for voluntary dismissal, the court must focus "primarily on protecting the interests of the defendant." *Teck Gen. P'ship v. Crown Cent. Petroleum Corp.*, 28 F. Supp. 2d 989, 991 (E.D. Va. 1998) (internal quotations omitted). It is necessary to weigh the prejudice to the defendant, both in terms of legal prejudice and litigation expense, together with the plaintiff's diligence in bringing the motion and explanation therefore. *The Shaw Grp. Inc. v. Picerne Inv. Corp.*, 235 F.R.D. 68, 69 (W.D. Pa. 2005); *Schandelmeier v. Otis Div. of Baker-Material Handling Corp.*, 143 F.R.D. 102, 102–03 (W.D. Pa. 1992). In addition, a court should deny a motion for voluntary dismissal if such a dismissal "will inflict clear legal prejudice on a defendant." *Gossard v. Washington Gas Light Co.*, 217 F.R.D. 38, 40 (D.D.C. 2003). Again, neither the liberal standards of Rules 15 or 21 circumvent this inquiry.

### A.   Plaintiffs Have Not Been Diligent in and Have Unduly Delayed Seeking the Proposed Amendment.

As discussed above, Plaintiffs were not diligent in seeking withdrawal and substitution of class representatives based on facts they knew about as early as June 2021. The same is true regarding the substantive amendments to the Complaint tendered months after the discovery precipitating those amendments was provided. And Plaintiffs have known of their proposed substitute representative since October 2020. Instead, only after discovery meet-and-confer

---

[2] However, "the same considerations [] are relevant to dropping the claim regardless of which rule [41(a) or 15(a)] is invoked." 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1479 (2012).

correspondence and requests for deposition dates for Plaintiff Fox that languished, followed by the scheduling of a discovery conference with the Court (a precursor to Chipotle's motion to compel) did Plaintiffs choose to bring this motion. "The avoidance of an adverse discovery ruling, however, is not a compelling ground[] for dismissal without prejudice." *In re Wellbutrin XL*, 268 F.R.D. 539, 544 (E.D. Pa. 2010). More broadly speaking, the avoidance of a discovery obligation is "largely inadequate" as a ground for a motion for voluntary dismissal and is "somewhat indicative of bad faith." *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 304 (D.D.C. 2000).

Discovery has been open for more than eight of the fourteen months that this case has been pending in this Court. In addition to conducting party and non-party discovery, Chipotle also went forward with Plaintiff McMahon's deposition (despite suspected issues with her discovery responses, which were confirmed by her deposition testimony) with an eye toward completing class certification discovery by the Court's original November 19, 2021 deadline. (Doc. 46 at 1.) Chipotle has defended this litigation for over a year and, in the process, has incurred significant attorneys' fees. Chipotle has been diligent, while Plaintiffs have not, which weighs against granting their motion.

### B. Plaintiff Fox Has Not Fully Complied with Her Discovery Obligations to Chipotle.

As a putative class representative, Plaintiff Fox "voluntarily inserted [herself] into this case … with a responsibility to [her] class members and the Defendant to litigate the claims [she] was advancing in good faith." *Counts v. Gen. Motors, LLC*, No. 16-cv-12541, 2019 WL 13059910, at *1 (E.D. Mich. Mar. 12, 2019). Chipotle was required to investigate and test the bases for and veracity of her allegations to prepare its defense to her individual and putative class claims. However, Plaintiff Fox has, like her co-plaintiff, failed to comply with basic discovery obligations in this litigation, including long-pending discovery requests and a deposition notice. Both Plaintiffs

4855-2680-7302, v. 3

have provided less than complete interrogatory responses (Doc. 92, 92-2) and have not produced a single new responsive document that is personal to either of them.

Several federal courts have refused to permit voluntary dismissal of named plaintiffs without the satisfaction of their discovery obligations. As explained by these courts, the discovery sought from a named class plaintiff who then seeks to withdraw "is relevant to the class certification inquiries such as commonality," *Counts*, 2019 WL 13059910, at *2, as well as "the ascertainability, typicality, and predominance of the claims at issue." *In re Digital Music Antitrust Litig.*, No. 06 MD 1780 (LAP), 2015 WL 13678846, at *4–5 (S.D.N.Y. Mar. 2, 2015). *see also Dysthe v. Basic Research, LLC*, 273 F.R.D. 625, 628 (C.D. Cal. 2011) (because the named plaintiff who sought dismissal "claim[ed] to have been a consumer of the products challenged by Plaintiffs in this lawsuit," his testimony about his experience with the products was "therefore highlight likely to be relevant to class certification issues … even if he no longer wishe[d] to be burdened with this litigation"). Moreover, "'permitting certain Plaintiffs to voluntarily dismiss at this stage without fulfilling their properly noticed discovery obligations creates a risk that Plaintiffs may be able to create an 'atypical sampling of the putative class, thereby making it more difficult to show that individual issues predominate over common ones.'" *Counts*, 2019 WL 13059910, at *2 (quoting *In re Dig. Music Antitrust Litig.*, 2015 WL 13678843, at *4–*5).

Fulsome and complete party discovery from Plaintiff Fox is necessary because it is relevant to class certification inquiries. This discovery is also necessary to prevent Plaintiffs from "cherry-pick[ing] their Proposed Class Representatives after examining what discovery would reveal in order to create a more uniform class." *In re Dig. Music Antitrust Litig.*, 2015 WL 13678846, at *4; *see also In re Folding Carton Antitrust Litigation*, 83 F.R.D. 260, 264 (N.D. Ill. 1979) ("Plaintiffs bringing actions will not be allowed to self-select the active class representatives and then leave

discovery limited to the portion the plaintiffs selected"). And Plaintiff Fox "does not seek to end all involvement with this litigation" because, according to her allegations, "would also still potentially benefit from a class-wide resolution of the case, even if [s]he is no longer a named Plaintiff." *Counts*, 2019 WL 13059910, at *2.

Plaintiff Fox voluntarily inserted herself into this case, representing herself as an adequate and typical representative of the proposed class, and has not presented any justifications for excusing her discovery obligations. If dismissal without conditions is granted, information from her as a percipient witness would similarly remain relevant, as she is a fact witness not only to her individual claim but also that of Plaintiff McMahon, her co-Plaintiff and long-standing friend, and the inception of the lawsuit itself, as indicated in Chipotle's pending motion to compel and supplemental supporting brief. Her request for dismissal without conditions should be denied.

**III.   The Court Should Condition Any Dismissal of Plaintiff Fox on Full Compliance with Her Discovery Obligations as a Named Party.**

If Plaintiff Fox's dismissal as a named plaintiff is forthcoming, this Court may nevertheless craft an order providing reasonable conditions precedent to such dismissal. Fed. R. Civ. P. 41(a)(2). Courts impose terms and conditions when granting motions for voluntary dismissals in order to "protect … defendant[s] from undue prejudice or inconvenience." *Gossard*, 217 F.R.D. at 40. "The usual conditions attached to a Rule 41(a)(2) dismissal require payment of costs and attorney's fees, or, if nonmonetary, are framed to diminish hardship to the defendant." *Ellis v. Merrill Lynch & Co.*, No. CIV. A. 86-2865, 1989 WL 149757, at *5–*6 (E.D. Pa. Dec. 6, 1989) (internal quotations omitted). The court's power to frame conditions applies equally to amendments under Rule 15 or joinder motions under Rule 21. *In re: Orthopedic Bone Screw Prod. Liab. Litig.*, No. MDL 1014, 1996 WL 900346, at *3 (E.D. Pa. July 11, 1996) (Rule 21), 1998 WL 633680, at *2 (E.D. Pa. Aug. 14, 1998) (Rule 15).

Courts have held repeatedly that a plaintiff whose claims have not been dismissed must respond to discovery, notwithstanding an intent or desire to withdraw. *See, e.g.*, *Dysthe*, 273 F.R.D. at 627 (named plaintiff not yet dismissed must respond to outstanding discovery, even if he seeks to withdraw); *All. For Glob. Just. v. D.C.*, No. CV.A.01-0811 PLF/JMF, 2005 WL 469593, at *3–4 (D.D.C. Feb. 7, 2005) (voluntary dismissal of named plaintiff should be conditioned on responding to discovery requests); *In re Wellbutrin XL*, 268 F.R.D. at 541 (conditioning plaintiff's voluntary dismissal on production of documents); *In re Vitamins Antitrust Litig.*, 198 F.R.D. at 304 (conditioning plaintiff's voluntary dismissal on responding to all previously served document requests and interrogatories).[3] To facilitate a proper analysis of the putative class, Chipotle asks the Court require Plaintiff Fox to fully and completely respond to the previously issued discovery, pursuant to its motion to compel (Doc. 92, 92-21), appear for her properly-noticed deposition, and, if necessary, remedy any other discovery deficiencies that her deposition testimony reveals.[4]

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be denied in its entirety or, in the alternative, granted only upon conditions of Plaintiff Fox's complete responses to discovery (pursuant to Chipotle's motion to compel, appearance for a deposition, and if necessary, remedial efforts for any other deficiencies that her deposition testimony reveals.

---

[3] The same is true for a named plaintiff's properly noticed deposition. *E.g.*, *Fraley v. Facebook Inc.*, No. C 11-1726 LHK PSG, 2012 WL 555071, at *1 (N.D. Cal. Feb. 21, 2012).

[4] In the alternative, Plaintiffs should be required to pay Chipotle its attorneys' fees for its time and expense in investigating Plaintiff Fox's individual claim. Indeed, by raising questions as to the scope of Plaintiff Fox's deposition if she is dismissed during the November 22, 2021 conference, Plaintiffs' counsel seemingly contends that Fox's individual claims would be less significant to class certification. Additionally, Federal Rule 16(f)(2) requires the court to order payment of "reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." This includes situations where a party or its attorney "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Chipotle respectfully requests an opportunity to present evidence of the amount and bases for its allowable fees and costs if the Court declines to impose the requested conditions on Plaintiff Fox's dismissal.

Dated: December 10, 2021

/s/ Elizabeth Bulat Turner
Elizabeth Bulat Turner (admitted *pro hac vice*)
Bar I.D. GA 558428
Robert J. Mollohan, Jr. (admitted *pro hac vice*)
Bar I.D. GA 984253
MARTENSON, HASBROUCK & SIMON LLP
2573 Apple Valley Road NE
Atlanta, GA  30319
Telephone: (404) 909-8100
bturner@martensonlaw.com
rmollohan@martensonlaw.com

-and-

Lindsey Conrad Kennedy
Bar I.D. PA 318318
Derek J. Illar
Bar I.D. PA 307492
ECKERT SEAMANS CHERIN & MELLOTT, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA  15219
Telephone: (412) 566-2105
lkennedy@eckertseamans.com
dillar@eckertseamans.com

*Attorneys for Defendant Chipotle Mexican Grill, Inc.*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 10, 2021 the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO WITHDRAW CLASS REPRESENTATIVE, AMEND CLASS ACTION COMPLAINT, AND SUBSTITUTE/ALLOW INTERVENTION OF NEW CLASS REPRESENTATIVE** has been sent via ECF notice to Plaintiffs' counsel:

Frank G. Salpietro, Esq.
Rothman Gordon, P.C.
310 Grant Street - Third Floor
Pittsburgh, PA 15219
(412) 338-1185 (telephone)
(412) 246-1785 (facsimile)
fgsalpietro@rothmangordon.com

*/s/ Elizabeth Bulat Turner*
Elizabeth Bulat Turner
MARTENSON, HASBROUCK & SIMON LLP
2573 Apple Valley Road NE
Atlanta, GA  30319
Telephone: (404) 909-8100
bturner@martensonlaw.com

4855-2680-7302, v. 3