IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIDGET MCMAHON and JAMES RICE, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>        v.<br><br>CHIPOTLE MEXICAN GRILL, INC., t/d/b/a CHIPOTLE,<br><br>                Defendant. | CIVIL ACTION<br><br>No. 2:20-cv-01448-WSS |

**PLAINTIFFS' MOTION FOR LEAVE TO TAKE DEPOSITIONS**

Plaintiffs Bridget McMahon and James Rice, on behalf of themselves and all others similarly situated, and through their undersigned counsel, move this Honorable Court for leave to take depositions upon the following grounds:

1. Federal Rule of Civil Procedure 30(a)(2)(A)(i) states that a party seeking to take depositions, to the extent the other party has not stipulated, is to obtain leave of court if "the deposition would result in more than 10 depositions being taken under this Rule…by the Plaintiffs."

2. That same rule states that "the court must grant leave to the extent consistent with Rule 26(b)(1) and (2). Fed. R.Civ.P. 30(a)(2).

3. Defendant Chipotle produced records that, contrary to the defenses raised in its Answer, shows that Chipotle either (a) had a corporate-wide policy of short-changing customers who used cash to purchase food in Pennsylvania beginning

in early 2020, or (b) knew about, but ignored, a pervasive practice of short-changing Pennsylvania cash customers since that time.

4. On February 2, 2022, Plaintiffs took the deposition of Joshua Phillips, Chipotle's Senior Director of Safety and Asset Protection (not yet transcribed). Mr. Phillips was shown each of 29 short-change complaints sent to Chipotle, occurring at 21 different Chipotle locations across the Commonwealth of Pennsylvania. Mr. Phillips contends that he knew nothing about those complaints, and was not aware of any discipline, response to employees, or further communications with the offending stores.

5. Mr. Phillips acknowledged that it would not be appropriate to short-change customers, "if that happened."

6. On February 3, 2022, Plaintiffs served a Notice upon Defendant, seeking to take remote depositions, not to exceed one hour each, of the managers for the stores where we now know for certain that Chipotle short-changed customers. A copy of the Notice is attached hereto as **Exhibit 1**.[1]

7. In addition, Plaintiffs served Notices for the depositions of several directors and officers of Chipotle, based on the Court's January 26, 2022 Order compelling Chipotle to produce its Enterprise Warehouse Data, and based on the testimony of Joshua Phillips:

> (a) Plaintiffs seek to take the deposition of Jason Skoggins, Chipotle's Senior Director of Royalty and CRM. *See* **Exhibit 2**. Mr. Skoggins was identified by Joshua Phillips as the person who is most likely familiar with

---

[1] Plaintiffs (before receiving the above-reference documents) previously Noticed the depositions of some random Chipotle managers. Defendant claimed that there had been a turnover of managers at some of those stores, refused to provide the former managers' last known addresses, and refused to make the "current" managers available because they allegedly would not have relevant information. Thus, the current Notice asks Chipotle to provide the next highest-ranking person who is still at the store, if the manager is no longer employed.

       Chipotle's Rewards Program and its database – which Plaintiffs believe is capable of identifying cash transactions, tying those transactions to individual customers and potential class members;

 (b) Plaintiffs seek to take the deposition of Ann Keast, Chipotle's Director of Internal Communications. *See* **Exhibit 3**. She was described in Joshua Phillips' deposition as the head of a department of "two or three people" who formulated and/or disseminated information regarding Chipotle's cash-handling policies and practices (per the direction of Chipotle's executives) which practices and policies are relevant to Plaintiffs' claims;

 (c) Plaintiffs seek to take the deposition of Kurt Garner, Chipotle's Chief Technology Officer. *See* **Exhibit 4**. It is believed that Mr. Garner would have the most and best familiarity with Chipotle's data retention and methods, and Chipotle's capabilities for accessing and preserving information relating to cash transactions and accounting therefor;

 (d) To the extent Mr. Garner disclaims specific knowledge of how, when, where, or why data is kept by Chipotle, Plaintiffs served a 30(b)(6) Notice. *See* **Exhibit 5**.

8. Although more than two weeks have passed since this Court's Order compelling discovery from Chipotle (none of which has yet been provided, including the simple removal of redactions relating to customer complaints), and although more than a week has passed since the Notices were served, Chipotle has not provided any objections to the depositions, other than to vaguely state – on February 9, 2022 – that it will "have several issues to confer about" regarding the depositions.

9. Particularly in light of Chipotle's insistence that no discovery should extend beyond the end of February, Plaintiffs asked Chipotle to immediately advise of its specific objections (if any). Plaintiffs also noted their willingness to be flexible if Chipotle was objecting to the timing of the depositions, despite its insistence. *See* **Exhibit 6**.

10. As of the date of this Motion, Chipotle has refused or failed to articulate valid objections or stipulate to the depositions, and this Motion is filed now because of concerns that Chipotle is seeking to "run out the clock" on Plaintiffs in order to avoid having to respond to discovery.

11. The depositions sought are appropriate, and consistent with Rules 26(b)(1) and (2). Without limitation:

   (a) Chipotle cannot legitimately contend that the information sought is not relevant. The discovery strikes at the heart of Chipotle's presumed defenses to class action, and its denial that it engaged in, or acquiesced in, a corporate-wide policy or practice resulting in the short-changing of consumers. Further, and to the extent Chipotle contends that there is no way to determine the identity of putative class members, Plaintiffs are entitled to explore Chipotle's various robust data systems and to question those charged with the most knowledge of how those systems retain and use information regarding cash transactions.

   (b) The depositions are likewise proportional to the needs of the case, since Chipotle (presumably) will challenge at least some of the Rule 23 criteria. However, until the Court compelled production (still not received), Chipotle had exclusive access to their data and information which, without the requested discovery, severely prejudices Plaintiffs' ability to address Chipotle's alleged defenses to both certification and substance.

12. The depositions of 21 managers is not excessive or unwarranted if Chipotle (as it has) contends, *inter alia*, that there are no common questions of law or fact relating to Chipotle's conduct which predominates over individual questions (Rule 23(a)(2) and (b)(3) criteria). Nor are the depositions of Chipotle's directors/executives excessive or unwarranted, given Chipotle's monopoly over control of its data and

methods, and the lack of personal knowledge of its proffered Director of Asset Protection.

WHEREFORE, Plaintiffs respectfully move that this Court grant leave and confirm that the depositions of the individuals set forth in **Exhibits 1 through 5** hereto can proceed.

        Respectfully submitted,

        ROTHMAN GORDON, P.C.

By:    /s/ Frank G. Salpietro
       Frank G. Salpietro, Esquire
       Pa. I.D. No. 47154

310 Grant Street – 3rd Floor
Pittsburgh, PA  15219
fgsalpietro@rothmangordon.com

Attorneys for Plaintiffs

65899-1
4869-0888-5773, v. 1